IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KEYA TURNER                                                                     PLAINTIFF

v.                              No. 3:18-cv-168-DPM

CITY OF WEST MEMPHIS,
ARKANSAS                                                                        DEFENDANT

ORDER

Arguing excusable neglect and extraordinary circumstances, Keya Turner moves to set aside this Court's December 2020 Judgment. She seeks relief under Federal Rule of Civil Procedure 60(b). West Memphis resists the motion, arguing that no good reason exists to disturb the Judgment. The Court must consider all the material circumstances. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993); *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th Cir. 2007).

Turner filed this case *pro se* but later retained counsel. Written discovery was done. Her lawyer died in late October 2019. The Court suspended the Scheduling Order, set a deadline for her to get another lawyer, and alerted her that the case would proceed thereafter with her being *pro se* if no counsel appeared. She did not get another lawyer. Approximately two months later, the Court issued a new Scheduling

Order and confirmed her *pro se* status. *Doc. 30, 31, & 32*. The Court then extended all deadlines on West Memphis's prompt motion. *Doc. 33, 34, & 35*. Turner was deposed. Almost a year after the revised Scheduling Order was entered, West Memphis moved for summary judgment. *Doc. 44*. Turner didn't respond. The Court noted the lack of a response, authorizing her to file belated responding papers with an explanation for the delay. *Doc. 46*. Turner didn't respond. The Court deemed all the material facts admitted, also reviewed the record itself, granted West Memphis's motion, and dismissed Turner's complaint with prejudice. *Doc. 47 & 48*. Four months later, Turner retained counsel, submitted a new affidavit with additional information on the merits, and moved to vacate the Judgment.

Turner acknowledges her neglect, saying she "did not affirmatively pursue her case in any substantial way" after the death of her lawyer. *Doc. 50 at 3*. Turner waited several months after her case was dismissed to hire counsel and seek relief from the Judgment. Counsel argues that Turner did not receive the Court's Order alerting her that she had failed to respond to the motion for summary judgment. *Doc. 50 at 3*. In her new affidavit, though, Turner says that she doesn't remember getting the Order, not that she did not get it. *Doc. 49–1 at 3*. The Clerk's mail to her was not returned. Neither the Court's reminder Order, nor the extension of her time to respond, were required by the

Rules. This was a second opportunity to address the merits, which she did not take.

Turner says she was overwhelmed by discouragement at not being able to find another lawyer, lacked knowledge about how to handle her own case, and the COVID-19 pandemic made the situation even more difficult. *Ibid.* The Court understands. The Court also notes that Turner is somewhat familiar with the legal process, having litigated another employment case (with counsel's help) against West Memphis. The events at issue in the present case occurred in the summer of 2017. Memories dim with the passage of time. Reopening the dispute creates the possibility of prejudice to both sides as a result of those fading memories. Fairness requires that the Rules of Civil Procedure and Local Rules apply equally to all litigants.

On the merits, after her fellow employee's harassment was reported, West Memphis warned and then fired him when he harassed her again. The Court understands that Turner believes that the City knew about the harassment earlier and that the City rules were selectively applied to her after the incident. But the record before the Court was clear on those points in December 2020. And a non-lawyer could have provided the additional information and argument then that Turner does now. She knew the facts that she now emphasizes.

Entry of Judgment is a milestone in a case, not simply another step forward. The circumstances Turner faced do not demonstrate a

sufficient reason for her inaction. *E.g., Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 784 (8th Cir. 1998); *Bunch v. University of Arkansas Board of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017). Turner's motion to vacate, *Doc. 49*, is therefore denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

12 October 2021